An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA 15-182

Filed: 15 September 2015

Pitt County, Nos. 14 CRS 50038-39

STATE OF NORTH CAROLINA

v.

JEMOND S. DICKENS

Appeal by defendant from judgments entered 30 July 2014 by Judge Marvin K. Blount, III in Pitt County Superior Court. Heard in the Court of Appeals 10 August 2015.

> *Roy Cooper, Attorney General, by Amy Bircher, Special Deputy Attorney General, for the State.*

> *Farber Law Firm, P.L.L.C., by Sarah Jessica Farber, for defendant-appellant.*

DAVIS, Judge.

Jemond S. Dickens ("Defendant") appeals from his convictions for first-degree burglary, assault with a deadly weapon with intent to kill inflicting serious injury ("AWDWIKISI"), first-degree kidnapping, and robbery with a dangerous weapon. On appeal, he contends that the trial court erred by failing to give a limiting instruction to the jury after sustaining his trial counsel's objections to witness testimony about

acts of domestic violence committed by him. After careful review, we conclude that Defendant received a fair trial free from error.

## Factual Background

The State presented evidence at trial tending to establish the following facts: On the evening of 29 December 2013, Defendant, Brittany Staton ("Staton"), and Anastaasia El-Amin ("El-Amin") left the home of Defendant's girlfriend, Crystal Bell ("Bell"), and drove to Grant Beacom's ("Beacom") residence. Beacom had posted an ad on Craigslist seeking an escort, to which El-Amin, who occasionally worked as a prostitute, had responded. Staton drove El-Amin to Beacom's home and Defendant accompanied them for "protection," bringing his 12-gauge shotgun with him.

While Defendant and Staton waited in the car, El-Amin entered Beacom's house, and at some point Beacom and El-Amin began "messing around." Shortly thereafter, Defendant and Staton entered the house, and Defendant hit Beacom on the head with his shotgun. Defendant ordered Staton to bind Beacom's hands with cord while he repeatedly struck Beacom with the shotgun. Defendant subsequently took multiple items from the house, including a television, a computer monitor, Beacom's 12-gauge shotgun, money, two Wii games, and Beacom's wedding ring. Defendant, Staton, and El-Amin then returned to Bell's home with the stolen items in the early morning hours of 30 December 2013.

After the assailants left, Beacom retrieved a knife from his kitchen, freed his hands, and called 911. Defendant's assault left Beacom with a fractured skull and cuts on his head requiring twenty stitches as well as numerous bruises and abrasions. Beacom also required surgery to repair a broken finger, which was caused by Staton's removal of his wedding ring.

Subsequently, on 1 January 2014, law enforcement officers responded to a silent alarm that was set off at Bell's residence during an altercation between Defendant and Bell. Officer Kelvin Joyner ("Officer Joyner") of the Pinetops Police Department arrived at Bell's house and upon entering the residence noticed a sawed-off 12-gauge shotgun in a chair next to the door. Officer Joyner requested backup, at which point additional officers responded and conducted a search of Bell's home. During the search, Defendant was found hiding inside the box spring of Bell's bed.[1] Law enforcement officials seized a television, a computer monitor, and Wii games from Bell's residence.

Defendant was charged with first-degree burglary, robbery with a dangerous weapon, first-degree kidnapping, and AWDWIKISI. A jury trial was held on 28 July 2014 before the Honorable Marvin K. Blount, III in Pitt County Superior Court.

On 30 July 2014, the jury found Defendant guilty of all charges. Defendant was sentenced to consecutive sentences of 87-117 months for first-degree burglary,

---

[1] Bell testified that Defendant had previously cut a hole in the box spring to allow him to hide under the mattress.

100-132 months for AWDWIKISI, 100-132 months for first-degree kidnapping, and 87-117 months for robbery with a dangerous weapon. Defendant gave notice of appeal in open court.

## Analysis

Defendant's sole argument on appeal is that the trial court erred by failing to give a limiting instruction to the jury after sustaining defense counsel's objections to certain testimony from Bell regarding acts of domestic violence allegedly committed by Defendant. Defendant acknowledges that he did not request a limiting instruction. As such, Defendant requests that we review this issue for plain error.

"For error to constitute plain error, a defendant must demonstrate that a fundamental error occurred at trial. To show that an error was fundamental, a defendant must establish prejudice — that, after examination of the entire record, the error had a probable impact on the jury's finding that the defendant was guilty." *State v. Lawrence*, 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012) (internal citations and quotation marks omitted).

Defendant specifically challenges the trial court's failure to *sua sponte* give a limiting instruction in relation to the following testimony of Bell:

> Q: Now, had you and [Defendant] had domestic issues in the past?
>
> A: Yes.
>
> [DEFENSE COUNSEL]: Objection. Relevance.

THE COURT: Sustained.

[DEFENSE COUNSEL]: Motion to strike.

THE COURT: Allowed.

. . . .

Q: What happened the -- that would have been -- the next day would have been New Year's Eve. What happened that day? What did y'all -- what did y'all do?

A: Well, we were supposed to go out, and [Defendant] kept pushing to go to the strip club because it was New Year's Eve and he was like -- That's the only time I get to see other female shake they behinds. So he got mad because we didn't get to Goldsboro in time, and they were closed or shut down, and everybody had been drinking. So we got back to the house. He got agitated, and I said -- I don't want to hear nothing about other females and my birthday's in a couple of days. He say -- Don't nobody give a F about your birthday, and he just started slapping me up --

[DEFENSE COUNSEL]: Objection.

THE COURT: Sustained.

Defendant's argument is meritless. It is well-settled that "[a] trial court does not err by failing to give a curative jury instruction when . . . it is not requested by the defense." *State v. Williamson*, 333 N.C. 128, 139, 423 S.E.2d 766, 772 (1992). Therefore, the trial court's failure to give a limiting instruction in the present case did not constitute error at all — much less plain error.

Furthermore, we note that during its preliminary instructions to the jury, the trial court instructed the jury as follows:

> It is the right of the attorneys to object when testimony or other evidence is offered that the attorney believes to be not admissible. When the Court sustains an objection to a question, the jurors must disregard the question and the answer, if one has been given, and draw no inference from the question or answer, or speculate as to what the witness would have said if permitted to answer.
>
> . . . .
>
> If the Court grants a motion to strike all or part of the answer of a witness to a question, you must disregard and not consider the evidence that has been stricken.

Our Supreme Court has held that "[j]urors are presumed to follow the trial court's instructions." *State v. Gregory*, 340 N.C. 365, 408, 459 S.E.2d 638, 663 (1995), *cert. denied*, 517 U.S. 1108, 134 L.Ed.2d 478 (1996). Thus, when defense counsel's objections to the challenged testimony were sustained, the jurors were presumed to have followed the above-quoted preliminary instruction by disregarding Bell's testimony on this issue. Accordingly, Defendant's argument is overruled.

**Conclusion**

For the reasons stated above, we conclude that Defendant received a fair trial free from error.

NO ERROR.

Judges STROUD and INMAN concur.

Report per Rule 30(e).